1/7/10

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| APP PHARMACEUTICALS, LLC, | Civil Action No. 08-315 (SRC) |
| Plaintiff, | |
| v. | **ORDER** |
| C.M.H. CARE GROUP, INC., et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendants C.M.H. Care Group, Inc., Christian Hall, Robert Hall, MB of New Jersey, Inc., and IVRX, L.L.C. (collectively "Defendants") to enforce settlement and for sanctions against Plaintiff APP Pharmaceuticals, LLC f/k/a Abraxis Bioscience, Inc. f/k/a American Pharmaceutical Partners, Inc. ("Plaintiff") [docket entry 57]. This Court referred the matter to the magistrate judge for a report on proposed findings of fact and recommendations for a disposition of the motion, pursuant to 28 U.S.C. § 636(b)(1)(B). On November 30, 2009, Magistrate Judge Shipp issued a Report and Recommendation ("R&R"), pursuant to FED. R. CIV. P. 72(b), L. CIV. R. 72.1(a)(2), and 28 U.S.C. § 636(b)(1)(B) [docket entry 71]. The R&R recommends that (1) the portion of the motion seeking to enforce settlement be granted in part and denied in part and (2) the portion of the motion seeking to impose sanctions against Plaintiff be denied. Specifically, with regard to the settlement, Magistrate Judge Shipp found that the Plaintiff and Defendants had in fact entered

into a settlement agreement but also found that the agreement did not encompass one term that Defendants asserted was agreed upon and thus included in the form of settlement agreement attached to Defendants' motion papers. Magistrate Judge Shipp's recommendation that the motion to enforce settlement be granted in part and denied in part reflects his recommendation that one provision of the form settlement agreement provided be stricken as unenforceable for lack of mutual assent.

Title 28 U.S.C. § 636(b)(1)(C) provides that within 10 days of service of the magistrate judge's recommended disposition, any party to the action may file specific written objections to the magistrate judge's proposed findings and recommendations. The statute also provides that a district judge must conduct a de novo review of those portions of the magistrate judge's R&R to which objection is made. The time for filing objections to Magistrate Judge Shipp's R&R expired on November 14, 2009. To date, no objections have been filed.

The R&R before the Court concerns a motion which seeks both dispositive and non-dispositive relief, that is, the enforcement of a settlement agreement and sanctions, respectively. Saber v. FinanceAmerica Credit Corp., 843 F.2d 697, 702-03 (3d Cir. 1988) (holding that order to enforce settlement, which concerns remedy of specific performance, is dispositive of parties' substantive rights). A magistrate judge's recommended disposition of a dispositive matter is subject to de novo review, whereas recommendations as to non-dispositive matters that are within the power of the magistrate judge to determine under 28 U.S.C. § 636(b)(1)(A) are subject to lesser scrutiny under a clearly erroneous standard. Fed.R.Civ.P. 72; see also In re Gabapentin Patent Litig., 312 F.Supp.2d 653, 661 (D.N.J. 2004) (distinguishing applicable standards of review depending on whether magistrate judge handled non-dispositive matter

under section 636(b)(1)(A) or dispositive matter under section 636(b)(1)(B)).

This Court has reviewed the R&R under the appropriate standards. It agrees with Magistrate Judge Shipp's analysis and accepts his proposed findings of fact and recommended disposition. Therefore,

**IT IS** on this 7th day of January, 2010,

**ORDERED** that Magistrate Judge Shipp's R&R [docket entry 71] is adopted as the opinion of the Court; and it is further

**ORDERED** that Defendants' motion to enforce settlement and for an order imposing sanctions [docket entry 57] be and hereby is **GRANTED IN PART and DENIED IN PART**; and it is further

**ORDERED** that certain language in the settlement agreement, attached to this Order as Attachment A (filed under seal), be and hereby is stricken as reflected by the strike-out notations in Section 1(c) of the attached; and it is further

**ORDERED** that all provisions of the attached settlement agreement except for the stricken language of Section 1(c) be and hereby are enforceable; and it is further

**ORDERED** that Attachment A to this Order shall be filed by the Clerk under seal; and it is further

**ORDERED** that Defendants' motion for sanctions be and hereby is **DENIED**.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge